FILED
CLERK, U.S. DISTRICT COURT

NOV - 6 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY JONES, | ) NO. CV 08-06169-JFW(E) |
| Plaintiff, | ) |
| v. | ) MEMORANDUM AND ORDER |
| CITY OF LOS ANGELES, et al., | ) DISMISSING COMPLAINT |
| Defendants. | ) WITH LEAVE TO AMEND |

**PROCEEDINGS**

Plaintiff, proceeding *pro se*, filed this action on July 9, 2008, in the Los Angeles County Superior Court. On September 19, 2008, Defendant removed the action to this Court. On September 26, 2008, Defendant filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On October 15, 2008, even though Plaintiff had not yet filed any Opposition with the Court, Defendant filed a Reply. On October 20, 2008, the Court issued a Minute Order ordering Plaintiff to file his Opposition to the Motion to Dismiss. On October 27, 2008, Plaintiff filed an Opposition to the Motion.

**DISCUSSION**

Initially, the Court observes that there may exist discrepancies between the documents on file with this Court and the documents the parties evidently believe to be on file with this Court. The Complaint on file with this Court consists of a form Complaint and attachments. Some of the pages of the Complaint contain blank spaces. Some of the blank spaces occur in the middle of sentences. Portions of the allegations on page eight of the attachments to the Complaint appear to have been obscured. It is unclear whether these defects are deliberate omissions in the original document or the result of inaccuracies in the copying or scanning process. Additionally, the Motion to Dismiss mentions allegations that do not appear in the copy of the Complaint on file with this Court. For example, Defendant states: "Plaintiff claims his constitutional rights were violated by Defendant City of Los Angeles on 'January 7, 2008 [when] officers Fard 35084 and Gonzalez 38091 . . . entered [his] residence and demanded that [he] leave.'" (Motion to Dismiss, attached Memorandum, p. 1). The copy of the Complaint on file with the Court does not contain the quoted allegations.

Plaintiff includes in his Opposition three pages of text which appear similar to text appearing in the Complaint, but are more complete (compare Complaint, pp. 4-7 with Opposition, pp. 4-6). For example, the text in the Opposition includes the statement that the Motion to Dismiss purports to quote from the Complaint, as set forth above. Plaintiff alleges: "Defendant's attorney is making and submitting distorted spoiled photocopies of plaintiff's documents"

(Opposition, p. 11). It appears possible if not probable that the version of the Complaint on file with the Court is not a verbatim copy of the Complaint that Plaintiff filed in the Los Angeles County Superior Court and served on Defendant.

However, it is unnecessary to clarify these possible discrepancies because, for the following reasons, the Complaint must be dismissed with leave to amend. Plaintiff may resolve any discrepancies by filing a complete First Amended Complaint with this Court.

Plaintiff appears to allege that Los Angeles police officers subjected Plaintiff to false arrest and false imprisonment. Plaintiff does not sue the officers, however, but sues only the City and ten fictitious "Doe" defendants. Plaintiff seeks compensatory and punitive damages. Plaintiff may not sue the City on a theory of respondeat superior, which is not a theory of liability cognizable under 42 U.S.C. section 1983. Polk County v. Dodson, 454 U.S. 312, 325 (1981); Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1185 (9th Cir. 2002), cert. denied, 537 U.S. 1106 (2003). A municipal entity may be held liable only if the alleged wrongdoing was committed pursuant to a municipal policy, custom or usage. See Board of County Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 402-04 (1997); Monell v. New York City Department of Social Services, 436 U.S. 658, 691 (1978); see also Galbraith v. County of Santa Clara, 307 F.3d 1119, 1127 (9th Cir. 2002) (plaintiff need only allege that a defendant's conduct conformed to official policy, custom or practice); Gibson v. County of Washoe, Nev., 290 F.3d at 1185-87 (describing "two

1  routes" to municipal liability, where municipality's official policy,
2  regulation or decision violated plaintiff's rights, or alternatively
3  where municipality failed to act under circumstances showing its
4  deliberate indifference to plaintiff's rights). The Complaint
5  contains no allegations that any police officer acted pursuant to a
6  City policy, custom or usage.

7
8  Additionally, Plaintiff may not recover punitive damages against
9  the City. See City of Newport v. Fact Concerts, Inc., 453 U.S. 247,
10 271 (1981); Ruvalcaba v. City of Los Angeles, 167 F.3d 514, 524 (9th
11 Cir.), cert. denied, 528 U.S. 1003 (1999).
12
13                          **CONCLUSION AND ORDER**
14
15 For the foregoing reasons, the Complaint is dismissed with leave
16 to amend. If Plaintiff still wishes to pursue this action, he is
17 granted thirty (30) days from the date of this Memorandum and Order
18 within which to file a First Amended Complaint. The First Amended
19 Complaint shall be complete in itself. It shall not refer in any
20 manner to any prior complaint. Plaintiff may not add Defendants
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

without leave of court.  See Fed. R. Civ. P. 21.  Failure to file timely a First Amended Complaint may result in the dismissal of this action.

DATED: 11/5/08

_____
JOHN F. WALTER
UNITED STATES DISTRICT JUDGE

Presented this 3rd day of November, 2008 by:

_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE