**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| RAY JONES, | ) | NO. CV 08-6169-JFW(E) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | |
| CITY OF LOS ANGELES, et al., | ) | DISMISSING FIRST AMENDED |
| | ) | |
| Defendants. | ) | COMPLAINT WITH LEAVE TO AMEND |
| | ) | |
| _____ | ) | |

**PROCEEDINGS**

Plaintiff, proceeding pro se, filed this civil rights action on July 9, 2008 in the Los Angeles County Superior Court.  On September 19, 2008, Defendant City of Los Angeles ("Defendant") removed the action to this Court.  On September 26, 2008, Defendant filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  On November 6, 2008, the Court issued a Memorandum and Order dismissing the Complaint with leave to amend.  On December 1, 2008, Plaintiff filed a First Amended Complaint.

///

1    On December 8, 2008, Defendant filed a "Motion to Dismiss

2  Plaintiff's First Amended Complaint, etc." pursuant to Rule 12(b)(6)

3  of the Federal Rules of Civil Procedure.  On January 12, 2009,

4  Plaintiff filed an Opposition.

5

6                  **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

7

8    The First Amended Complaint is not a model of clarity.  It

9  appears to be a "cut-and-paste" compilation from various sources,

10  including this Court's Order of November 6, 2008.  Plaintiff appears

11  to attempt to allege civil rights claims pursuant to 42 U.S.C. section

12  1983 based on allegations that Los Angeles police officers subjected

13  Plaintiff to false arrest and false imprisonment.  Plaintiff does not

14  sue the officers, however, but sues only the City and ten fictitious

15  "Doe" defendants.[1]

16

17    However, the First Amended Complaint does contain a fairly

18  understandable section entitled "FACTS COMMON TO ALL CAUSES OF

19  ACTION."  Plaintiff alleges that he entered into a contract to share

20  an apartment with "Masud Kashefi (George Cash)" (First Amended

21  Complaint, p. 4).  Plaintiff received a "contract-receipt" and keys

22  (id.).  Plaintiff's tenancy allegedly was to begin on November 24,

23  2007 (id.).  On December 31, 2007, Plaintiff allegedly discovered that

24  _____

25    [1]    It is unclear whether the fictitious Defendants are the
police officers allegedly involved in the incident (who are
26  identified in the First Amended Complaint) or other persons.  A
plaintiff may name a fictitious defendant in the complaint if the
27  plaintiff does not know the true identity of the defendant prior
to the filing of the complaint.  Wakefield v. Thompson, 177 F.3d
28  1160, 1163 (9th Cir. 1999).

1  the lock had been changed on the apartment door (id.).  Plaintiff
2  allegedly advised the manager's son that this was illegal, and
3  obtained a new key (id.).  Police officers Collyer and Gonzalez
4  allegedly arrived and explained to the manager that what the manager
5  was doing assertedly was against the law and that the situation was a
6  civil matter (id.).

8      Cash's caregiver allegedly contended that Cash was not capable of
9  making decisions due to his health, called the police, and allegedly
10 "nagged" the police to carry out "the lock out" of Plaintiff (id.).
11 The caregiver allegedly told police that Cash was not returning and
12 had to vacate the premises by January 15, 2008 (id.).

14     Plaintiff alleges that, on January 7, 2008, police officers Fard
15 and Gonzalez entered Plaintiff's residence and demanded that Plaintiff
16 leave (First Amended Complaint, p. 5).  Plaintiff allegedly informed
17 the officers that police officers previously had found the matter to
18 be a civil matter (id.).  Officer Fard allegedly said that Fard did
19 not care what had happened before, took Plaintiff's receipt and keys
20 and threw them in the sink (id.).  Officer Gonzalez allegedly
21 handcuffed Plaintiff and the officers took Plaintiff to the police
22 station, assertedly falsely telling Plaintiff that Plaintiff could
23 come back later (id.).  The officers then allegedly told Plaintiff
24 that he could not return to the apartment and gave Plaintiff a
25 "trespass notice" (id.).  Plaintiff alleges that the incident
26 constituted: (1) an illegal eviction; (2) a false arrest; (3) a
27 violation of constitutional rights; (4) a "Cruel Malicious act";
28 (5) an "Unconscionable anti-social act"; (6) "Sub-human;" (7) "Hazing

1 | indignity"; and (8) a "Humiliating joke" (First Amended Complaint,
2 | pp. 5-6).

3

4 |     The First Amended Complaint purports to allege five claims for
5 | relief, styled "causes of action."  The First Cause of Action contains
6 | excerpts from this Court's November 6, 2008 order, including a
7 | paragraph on the topic of municipal liability (First Amended
8 | Complaint, p. 6).  Plaintiff alleges that, at all times mentioned, the
9 | omission or commission of acts by Defendants "and Does 1 through 100,
10 | inclusive" [sic] occurred within the territorial limits of the City
11 | (id.).  Plaintiff also incorporates all of the previous allegations of
12 | the First Amended Complaint.

13

14 |     The Second Cause of Action alleges that the "defendants named in
15 | this action" violated Plaintiff's "basic liberties and inalienable
16 | rights of due process" (First Amended Complaint, p. 7).  Plaintiff
17 | apparently contends that he was denied notice, a right to a fair
18 | hearing, an opportunity to present a case and submit evidence, and
19 | equal protection (id.).

20

21 |     The Third, Fourth and Fifth Causes of Action allege,
22 | respectively, claims for false arrest, unlawful search and seizure,
23 | and unlawful "detention, photographing and fingerprinting" (First
24 | Amended Complaint, p. 8).  In a "Discussion" section, Plaintiff
25 | alleges that Defendants violated Plaintiff's rights under the Fourth,
26 | Fifth, Sixth, Eighth and Fourteenth Amendments (First Amended

27

28

1  Complaint, p. 9).  Plaintiff seeks compensatory and punitive damages.[2]

2

3                  **STANDARDS GOVERNING MOTION TO DISMISS**

4

5       "To survive a motion to dismiss for failure to state a claim

6  under Rule 12(b)(6), a complaint generally must satisfy only the

7  minimal notice pleading requirements of [Federal] Rule [of Civil

8  Procedure] 8(a)(2)." Porter v. Jones, 319 F.3d 483, 494 (9th Cir.

9  2003).  "Federal Rule of Civil Procedure 8(a)(2) requires only a

10  'short and plain statement of the claim showing that the pleader is

11  entitled to relief.'" Erickson v. Pardus, 551 U.S. 89, 127 S. Ct.

12  2197, 2200 (2007).  "Specific facts are not necessary; the statement

13  need only give the defendant fair notice of what the claim is and the

14  grounds upon which it rests." Id. (quoting Bell Atlantic Corp. v.

15  Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007) (internal

16  quotations and ellipses omitted)).  "In addition, when ruling on a

17  defendant's motion to dismiss, a judge must accept as true all of the

18  factual allegations contained in the complaint." Erickson v. Pardus,

19  127 S. Ct. at 2200 (citations omitted). "A document filed pro se is to

20  be liberally construed [citation], and a pro se complaint, however

21  inartfully pleaded, must be held to less stringent standards than

22  formal pleadings drafted by lawyers." Erickson v. Pardus, 127 S. Ct.

23  at 2200 (citations omitted).

24  ///

25

26          [2]     As the Court advised Plaintiff in the Order of
   November 8, 2008, Plaintiff may not recover punitive damages
27  against the City.  See City of Newport v. Fact Concerts, Inc.,
   453 U.S. 247, 271 (1981); Ruvalcaba v. City of Los Angeles, 167
28  F.3d 514, 524 (9th Cir.), cert. denied, 528 U.S. 1003 (1999).

1  **DISCUSSION**

2

3      The Court rejects Defendant's contention that the First Amended

4  Complaint fails to put Defendant on notice of the claims against it.

5  Liberally and reasonably construed, the First Amended Complaint gives

6  sufficient notice of claims for false arrest, unreasonable search and

7  seizure, and wrongful detention in violation of Due Process and the

8  Fourth Amendment.  Defendant asserts that the pleading alleges only

9  conclusory allegations of unlawful arrest, and assertedly fails to

10  "show" that Plaintiff was arrested or that the arrest was unlawful

11  (see Memorandum in Support of Motion to Dismiss, p. 7).  At the

12  pleading stage, Plaintiff need not "show" anything in order to plead

13  sufficient facts to put Defendant on notice of the claims against it.

14  Plaintiff's allegations that Los Angeles police officers arrested

15  Plaintiff after Plaintiff told them he had a lawful right to be on the

16  property sufficiently allege a false arrest claim.

17

18      However, Plaintiff may not state a claim against municipal

19  defendants for violation of the Due Process Clause of the Fifth

20  Amendment.  See Lee v. City of Los Angeles, 250 F.3d 668, 687 (9th

21  Cir. 2001) ("The Due Process Clause of the Fifth Amendment . . .

22  appl[ies] only to actions of the federal government - not to those of

23

24

25

26

27

28

1  state or local governments.").[3]

2

3      Moreover, under <u>Albright v. Oliver</u>, 510 U.S. 266 (1994), and

4  <u>Graham v. Connor</u>, 490 U.S. 386 (1989), the Fourth Amendment, not the

5  Due Process Clause, governs claims for unlawful search, false arrest

6  and wrongful detention brought pursuant to 42 U.S.C. section 1983.

7  <u>See</u> <u>Awabdy v. City of Adelanto</u>, 368 F.3d 1062, 1069 (9th Cir. 2004)

8  ("The principle that <u>Albright [v. Oliver</u>] establishes is that no

9  substantive due process right exists under the Fourteenth Amendment to

10 be free from prosecution without probable cause.") (citations

11 omitted); <u>Fontana v. Haskin</u>, 262 F.3d 871, 879-80 (9th Cir. 2001)

12 (Fourth Amendment prohibition against unreasonable search and seizure

13 "continues to apply after an arrestee is in the custody of the

14 arresting officers") (citations and footnote omitted); <u>Picray v.</u>

15 <u>Sealock</u>, 138 F.3d 767, 770 (9th Cir. 1998) (Fourth Amendment governed

16 claim challenging plaintiff's arrest for wearing political buttons to

17 polls); <u>Larson v. Neimi</u>, 9 F.3d 1397, 1400-01 (9th Cir. 1993) ("Fourth

18 Amendment standards must be used when a person asserts that a public

19 official has illegally seized him").

20

21     Plaintiff has failed to allege any basis to hold Defendant City

22 of Los Angeles liable for the alleged actions of the police officers.

23

24 ─────────────

25      [3]    The Court hastens to correct, however, Defendant's
   apparent impression that the Fifth Amendment pertains only to
26 "certain rights afforded to criminal defendants, such as double
   jeopardy and the right against self-incrimination" (Memorandum in
27 Support of Motion to Dismiss, p. 4).  The Fifth Amendment
   provides that "[n]o person . . . shall . . . be deprived of life,
28 liberty, or property, without due process of law. . . ."  <u>See</u>
   U.S. Const. amend. V.

1   As the Court advised Plaintiff in the Order of November 6, 2008,

2   Plaintiff may not sue the City on a theory of *respondeat superior*,

3   which is not a theory of liability cognizable under 42 U.S.C. section

4   1983.  <u>Polk County v. Dodson</u>, 454 U.S. 312, 325 (1981); <u>Gibson v.</u>

5   <u>County of Washoe, Nev.</u>, 290 F.3d 1175, 1185 (9th Cir. 2002), <u>cert.</u>

6   <u>denied</u>, 537 U.S. 1106 (2003).  A municipal entity may be held liable

7   only if the alleged wrongdoing was committed pursuant to a municipal

8   policy, custom or usage.  <u>See</u> <u>Board of County Commissioners of Bryan</u>

9   <u>County, Oklahoma v. Brown</u>, 520 U.S. 397, 402-04 (1997); <u>Monell v. New</u>

10  <u>York City Department of Social Services</u>, 436 U.S. 658, 691 (1978); <u>see</u>

11  <u>also</u> <u>Galbraith v. County of Santa Clara</u>, 307 F.3d 1119, 1127 (9th Cir.

12  2002) (plaintiff need only allege that an officers's conduct conformed

13  to official policy, custom or practice); <u>Gibson v. County of Washoe,</u>

14  <u>Nev.</u>, 290 F.3d at 1185-87 (describing "two routes" to municipal

15  liability, where municipality's official policy, regulation or

16  decision violated plaintiff's rights, or alternatively where

17  municipality failed to act under circumstances showing its deliberate

18  indifference to plaintiff's rights).  The First Amended Complaint

19  contains no allegations that any police officer acted pursuant to a

20  City policy, custom or usage.

21

22                         **CONCLUSION AND ORDER**

23

24      For the foregoing reasons, the First Amended Complaint is

25  dismissed with leave to amend.  If Plaintiff still wishes to pursue

26  this action, he is granted thirty (30) days from the date of this

27  Memorandum and Order within which to file a Second Amended Complaint.

28  The Second Amended Complaint shall be complete in itself.  It shall

1  not refer in any manner to any prior complaint.  Plaintiff may not add

2  Defendants without leave of Court.  <u>See</u> Fed. R. Civ. P. 21.  Failure

3  to file timely a Second Amended Complaint may result in the dismissal

4  of this action.

5

6          DATED: January 16, 2009.

7

8

9                              _____/s/_____

10                               JOHN F. WALTER
                                 UNITED STATES DISTRICT JUDGE

11

12

13  Presented this 16th day of

14  January, 2009 by:

15

16  _____/S/_____

17          CHARLES F. EICK
    UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28