**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAY JONES, | ) NO. CV 08-06169-JFW(E) |
| Plaintiff, | ) |
| v. | ) MEMORANDUM AND ORDER DENYING |
| CITY OF LOS ANGELES, et al., | ) MOTION TO DISMISS SECOND |
| Defendants. | ) AMENDED COMPLAINT |

**PROCEEDINGS**

Plaintiff, proceeding pro se, filed this civil rights action on July 9, 2008 in the Los Angeles County Superior Court. On September 19, 2008, Defendant City of Los Angeles ("Defendant") removed the action to this Court. On September 26, 2008, Defendant filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On November 6, 2008, the Court issued a Memorandum and Order dismissing the Complaint with leave to amend. On December 1, 2008, Plaintiff filed a First Amended Complaint.

///

1  On December 8, 2008, Defendant filed a Motion to Dismiss the
2 First Amended Complaint.  On January 21, 2009, the Court issued a
3 Memorandum and Order dismissing the Second Amended Complaint with
4 leave to amend.  On February 17, 2009, Plaintiff filed a Second
5 Amended Complaint.  On February 23, 2009, Defendant filed a Motion to
6 Dismiss the Second Amended Complaint ("Motion").

**SUMMARY OF PLAINTIFF'S ALLEGATIONS**

The Second Amended Complaint repeats verbatim the factual allegations of the First Amended Complaint.  Plaintiff alleges that he entered into a contract to share an apartment with "Masud Kashefi (George Cash)" (Second Amended Complaint, p. 5).  Plaintiff received a "contract-receipt" and keys (id.).  Plaintiff's tenancy allegedly was to begin on November 24, 2007 (id.).  On December 31, 2007, Plaintiff allegedly discovered that the lock had been changed on the apartment door (id.).  Plaintiff allegedly advised the manager's son that this was illegal, and obtained a new key (id.).  Police officers Collyer and Gonzalez allegedly arrived and explained to the manager that what the manager was doing assertedly was against the law and that the situation was a civil matter (id.).

Cash's caregiver allegedly contended that Cash was not capable of making decisions due to his health, called the police, and allegedly "nagged" the police to carry out "the lock out" of Plaintiff (id.).  The caregiver allegedly told police that Cash was not returning and had to vacate the premises by January 15, 2008 (id.).
///

1    Plaintiff alleges that, on January 7, 2008, police officers Fard
2 and Gonzalez entered Plaintiff's residence and demanded that Plaintiff
3 leave (Second Amended Complaint, p. 6).  Plaintiff allegedly informed
4 the officers that police officers previously had found the matter to
5 be a civil matter (id.).  Officer Fard allegedly said that Fard did
6 not care what had happened before, took Plaintiff's receipt and keys
7 and threw them in the sink (id.).  Officer Gonzalez allegedly
8 handcuffed Plaintiff and the officers took Plaintiff to the police
9 station, assertedly falsely telling Plaintiff that Plaintiff could
10 come back later (id.).  The officers then allegedly told Plaintiff
11 that he could not return to the apartment and gave Plaintiff a
12 "trespass notice" (id.).

14    Like the First Amended Complaint, the Second Amended Complaint
15 alleges that the incident constituted: (1) an illegal eviction; (2) a
16 false arrest; (3) a violation of constitutional rights; (4) a "Cruel
17 Malicious act"; (5) an "Unconscionable anti-social act"; (6) "Sub-
18 human;" (7) "Hazing indignity"; and (8) a "Humiliating joke" (Second
19 Amended Complaint, pp. 6-7).

21    The Second Amended Complaint alleges the same five claims for
22 relief, styled "causes of action," contained in the First Amended
23 Complaint.  The First Cause of Action contains excerpts from this
24 Court's November 6, 2008 order, including a paragraph on the topic of
25 municipal liability (Second Amended Complaint, pp. 7-8).  Plaintiff
26 alleges that, at all times mentioned, the omission or commission of
27 acts by Defendants "and Does 1 through 100, inclusive" [sic] occurred
28 within the territorial limits of the City (Second Amended Complaint,

p. 8).  Plaintiff also incorporates all of the previous allegations of the Second Amended Complaint.

The Second Cause of Action alleges that the "defendants named in this action" violated Plaintiff's "basic liberties and inalienable rights of due process" (Second Amended Complaint, p. 8).  Plaintiff contends that he was denied notice, a right to a fair hearing, an opportunity to present a case and submit evidence, and equal protection (Second Amended Complaint, pp. 8-9).  The Third, Fourth and Fifth Causes of Action allege, respectively, claims for false arrest, unlawful search and seizure, and unlawful "detention, photographing and fingerprinting" (Second Amended Complaint, p. 9).

Plaintiff alleges that Defendant is liable for the acts of the police officers who assertedly violated Plaintiff's rights because the officers allegedly committed those acts pursuant to a "municipal policy, custom, usage and practice" (Second Amended Complaint, pp. 3, 10).  Plaintiff alleges that Defendant failed to act under circumstances showing "reckless deliberate indifference to plaintiff's rights," and that Defendant's allegedly inadequate training program, supervision and hiring policy assertedly was a cause of the alleged violation of Plaintiff's rights (Second Amended Complaint, pp. 3, 10).

1  Plaintiff seeks compensatory and punitive damages.[1]

### STANDARDS GOVERNING MOTION TO DISMISS

"To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of [Federal] Rule [of Civil Procedure] 8(a)(2)." Porter v. Jones, 319 F.3d 483, 494 (9th Cir. 2003). "Federal Rule of Civil Procedure 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007) (internal quotations and ellipses omitted)). "In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 127 S. Ct. at 2200 (citations omitted). "A document filed pro se is to be liberally construed [citation], and a pro se complaint, however

---

[1]  As the Court previously advised Plaintiff, Plaintiff may not recover punitive damages against the City. See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981); Ruvalcaba v. City of Los Angeles, 167 F.3d 514, 524 (9th Cir.), cert. denied, 528 U.S. 1003 (1999). However, a defect in the prayer is not a ground for dismissal. See Doe v. U.S. Dep't of Justice, 753 F.2d 1092, 1104 (D.D.C. 1985) ("[a] district court should not grant a Rule 12(b)(6) motion to dismiss for failure to seek the technically appropriate remedy when the availability of some relief is readily apparent on the face of the complaint") (footnote omitted); Massey v. Banning Unif. Sch. Dist., 256 F. Supp. 2d 1090, 1092 (C.D. Cal. 2003).

5

1  inartfully pleaded, must be held to less stringent standards than
2  formal pleadings drafted by lawyers." Erickson v. Pardus, 127 S. Ct.
3  at 2200 (citations omitted).

**DISCUSSION**

7  In the Memorandum and Order of January 21, 2009, the Court
8  rejected Defendant's contention that the First Amended Complaint
9  failed to put Defendant on notice of the claims against it.  Although
10 the allegations of the Second Amended Complaint are substantially
11 similar to those of the First Amended Complaint, Defendant
12 nevertheless repeats, almost verbatim, the arguments Defendant made in
13 Defendant's Motion to Dismiss the First Amended Complaint.  As the
14 Court stated in the Memorandum and Order of January 21, 2009,
15 Plaintiff's allegations suffice to allege claims for false arrest,
16 unreasonable search and seizure and wrongful detention in violation of
17 Due Process and the Fourth Amendment.

19 Defendant's contention that the Second Amended Complaint fails to
20 allege that any police officer acted pursuant to a City policy, custom
21 or usage (Motion to Dismiss, p. 4) is factually incorrect.  The Second
22 Amended Complaint, on two separate pages, alleges that the officers
23 acted pursuant to a "municipal policy, custom, usage and practice"
24 (Second Amended Complaint, pp. 3, 10).  Such allegation is all that is
25 required at the pleading stage.  See Galbraith v. County of Santa
26 Clara, 307 F.3d 1119, 1127 (9th Cir. 2002) (plaintiff need only allege
27 that an officer's conduct conformed to official policy, custom or
28 practice); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624

6

1  (9th Cir. 1988) ("bare allegation that the individual officers'
2  conduct conformed to official policy, custom or practice" sufficient)
3  (citation and internal quotations omitted).

**CONCLUSION AND ORDER**

The Motion is denied.  Defendant shall file an Answer to the Second Amended Complaint within thirty (30) days of the date of this Order.

IT IS SO ORDERED.

DATED: February 25, 2009.

_____
                    JOHN F. WALTER
              UNITED STATES DISTRICT JUDGE

Presented this 24th day of
February, 2009 by:

_____/S/_____
         CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

7